In the Matter of the ESTATE of Everett Leroy TOMLINSON, Deceased.

No. 9209.

Missouri Court of Appeals, Springfield District.

Feb. 14, 1973.

Motion for Rehearing or to Transfer to Supreme Court Denied May 5, 1973.

Application to Transfer Denied April 9, 1973.

Charles T. Smallwood, Northern, Williams & Smallwood, Rolla, for appellant.

Weldon W. Moore, Dan L. Birdsong, Rolla, for respondent.

DOUGLAS W. GREENE, Special Judge.

This is an appeal from a judgment of the Circuit Court of Phelps County, Mis-

souri, which affirmed a judgment of the probate court. The probate court judgment had removed appellant as the administratrix of the estate of Everett Leroy Tomlinson, deceased, revoked her letters of administration, and denied her applications for homestead and family allowances. The reason assigned by the probate court for its orders and judgment was that appellant was not the sole surviving spouse of the deceased, and, therefore, was not entitled to administer his estate or share in it.

Appellant appealed the probate court judgment to the circuit court, which, after hearing evidence offered by appellant and by the heirs of the deceased, affirmed the probate court judgment.

Two alleged grounds of error are presented on appeal. Appellant contends that the trial court judgment was against the weight of the substantial and credible evidence to the effect that she and decedent were lawfully married, and also contends that the court erred in permitting witness Fred Tomlinson to testify as to statements or admissions purportedly made by decedent prior to his death, contrary to the provisions of § 491.010 RSMo 1969, V. A.M.S.

■ It is our duty to review the law and evidence de novo, and not set aside the judgment of the trial court unless it was clearly erroneous, giving due regard to the opportunity of the trial judge to judge the credibility of the witnesses. § 510.310 RSMo 1969, V.A.M.S.; Youngblood's Estate v. Youngblood, Mo. (banc), 457 S.W. 2d 750, 754; McDonnell v. Oxler's Estate, Mo.App., 235 S.W.2d 568, 570.

■ In reviewing the evidence we exclude from our consideration the testimony given by William F. Tomlinson (Fred) in the circuit court. He testified that in late 1961 or early 1962, after the alleged marriage between Everett Leroy Tomlinson (Roy) and Helen D. Tomlinson (Helen), he asked Roy if he and Helen had been

married and that Roy said he "didn't get married because he said he didn't have pension money enough to support a wife." This testimony was properly objected to and improperly received. The witness was an heir, and his share of the estate would be increased if there was a judicial finding that Helen was not the surviving spouse. Helen was the administratrix of the estate. The witness was a party to the petition to revoke Helen's letters of administration, and, as such, was a party to the cause of action. § 491.010, supra, provides "that in actions . . . where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor . . . except as to such acts or contracts as have been done or made since . . . the appointment of the administrator . . . ." This provision, disqualifying an adverse party to testify as to acts and contracts which occurred before the administrator's appointment, is an arbitrary provision, and is not open to construction. Sutorius v. Mayor, 350 Mo. 1235, 170 S. W.2d 387, 391(1); Birdsong v. Estate of Ladwig, Mo.App., 314 S.W.2d 471, 475(3).

As the alleged conversation occurred before the appointment of the administratrix, the witness, who was a party to the action seeking to oust her, was incompetent to testify concerning it.

■ In our consideration of the competent evidence, we follow the rule that it is the public policy of the State of Missouri to allow the fact of marriage to be proven by evidence of cohabitation and general repute, and by the declarations and conduct of the parties. Such evidence constitutes primary, strong, and convincing proof of marriage and if not rebutted, creates a presumption of marriage. This presumption is one of the strongest known to the law and can be repelled only by the most cogent and satisfactory evidence. Rone's Estate v. Rone, Mo.App., 218 S.W.2d 138, 147(16, 17); Osmak v. American Car and Foundry Co., 328 Mo. 159, 168, 40 S.W.2d 714, 717, 77 A.L.R. 722, 727.

The evidence was as follows: Helen Tomlinson testified that she had married Everett Leroy Tomlinson (Roy) on May 18, 1960, in Iola, Kansas. She said Roy had obtained the marriage license in Wichita, Kansas, a few days earlier. Wichita is in Sedgwick County. The couple planned to drive to Fort Scott to be married, but because of a heavy rainstorm, they stopped at Iola about 6 p. m. Roy saw a sign in a yard in front of a little house "which indicated that there was a judge there," so they stopped and went in. A man by the name of "Appelton or Appleman, or something to that effect" performed the ceremony. She believed him to be a judge. Roy gave the license to the man who married them. After the ceremony they had to sign some papers, and the license was returned to Roy, who put it in his pocket. It was a civil ceremony and contained the words, " 'Do you take this woman?' " The judge and the witnesses had been drinking and there were several "offcast remarks" made, but Helen and Roy were serious about it and took the vows. Helen saw the license again when they got back to St. James when Roy changed his clothes and put it up. She did not ever see the license again, and had searched the house for it. After Roy's death, she checked the public records in Kansas and could not find any record of the license having been issued.

After the ceremony, Roy and Helen lived together until his death. They were never separated. She went by the name of Tomlinson, visited his friends and family with him, and was introduced by Roy to strangers as " 'my wife.' " Roy offered to adopt her son by a previous marriage, but the boy decided to keep his own name.

Roy and Helen shared the mutual expenses of the family and the household. She worked and contributed all of her income to the family welfare. They purchased a house trailer and took title to it in the name of Everett L. or Helen D. Tomlinson (appellant's exhibit three). They signed an option to purchase real estate as Everett L. Tomlinson and Helen D. Tomlinson. Roy put the word "Married" by their name (appellant's exhibit two). They bought U. S. Savings Bonds in the name of Everett L. and/or Helen D. Tomlinson (appellant's exhibit three). Their Missouri income tax returns (appellant's exhibits four and five) were filed jointly in the names of Roy L. Tomlinson and Helen D. Tomlinson, as were their federal returns. Her Social Security benefits, which she received for herself and her son by reason of the death of her first husband, were terminated when she informed them of her marriage to Roy. Roy gave her Christmas presents and accompanied them by cards containing the greeting, "To my wife at Christmas" and signed "Roy" (appellant's exhibit six). They attended the Baptist Church together, and their picture, with the caption, "Mr. and Mrs. Roy Tomlinson," appeared in the church anniversay book (appellant's exhibit seven).

After Roy's death, Helen did not apply for a widow's pension from the Veteran's Administration, as her wages were in excess of the income limitations of the pension law.

Helen's son, George Reed, testified that when Roy and his Mother returned from Kansas on May 19, 1960, they told him that they were married. The three of them thereafter lived together. Roy would introduce George as his son or his stepson, and would introduce Helen as his wife.

Witness Charles Smallwood lived near St. James. He had known Roy since childhood and was his third cousin. Roy told Charles that he had married Helen and referred to her several times as his wife. He testified Roy and Helen had a reputation in the community of being married.

Mrs. Charles Smallwood testified that Roy told her that he and Helen had been married in Kansas. She said the Tomlinsons had a reputation in the St. James community of being married.

Mr. James Dulany, a veteran's service officer, had known Roy Tomlinson for

about ten years. From the year 1961, until the time of Roy's death, he would interview Roy about once a year concerning veteran's benefits; Roy always said he was married and was living with his wife.

Respondent's evidence was as follows: Helen told Fred Tomlinson (Roy's brother) after Roy died that if the common law marriage was in effect, she'd be all right.

Grace Plank, Pearl Brockus, and Zelma Snelson, were Roy's sisters. They testified that Roy referred to appellant as "Helen" and not as "his wife" when he was talking about her or introducing her. Helen had told Pearl and Zelma that she had married Roy in Iola, Kansas.

Anna Reed, Roy's other sister, said Roy always referred to appellant as "Helen" and never as his wife. She also doubted if the signature on the income tax returns was in her brother's handwriting. Helen told her that Roy had obtained the marriage license in Sedgwick County, Kansas. We also consider as respondent's evidence the statement of appellant's witness, James Dulany, on cross-examination when he said that about a week after Roy's death Helen told him that she didn't know whether or not she was actually legally married.

We hold that appellant's evidence created a legal presumption of a valid marriage between her and Everett Leroy Tomlinson as of May 18, 1960. The only remaining issue is whether or not respondent's evidence rebutted that presumption.

Most of respondent's argument on appeal was directed to the fact that appellant was not able to produce a valid marriage license, or records to prove that a license was issued and a ceremony performed.

Those facts, or proof of a negative, are wholly insufficient to overcome the presumption that was created by appellant's evidence. Thomson v. Thomson, 236 Mo. App. 1223, 1231–1232, 163 S.W.2d 792, 796(5), 797; Rone's Estate v. Rone, supra,

218 S.W.2d 138. As was observed in Thomson, l. c. 797 of 163 S.W.2d: "It would be most unwise to hold that a marriage cannot be proved except by the introduction of evidence tending to prove issuance of a license and performance of a ceremony." To so hold would make it utterly impossible for many couples to prove the legality of their marriage and the legitimacy of their children. History refutes the premise that there is permanency in written records, and the nuclear age reduces such a premise to an absurdity. In considering respondent's remaining evidence, it is noteworthy to observe that no one testified as a witness adverse to Helen's claim, other than those who would benefit financially if her claim of marriage was refuted. Viewing such evidence in the most charitable light, we hold that respondent's evidence fell far short of the legal requirement of rebuttal by strong, cogent, and convincing evidence of the presumption of a valid marriage.

The trial court erred in affirming the judgment of the probate court and erred in declaring that Helen D. Tomlinson was not the surviving spouse of Everett Leroy Tomlinson, deceased.

The judgment of the circuit court is reversed, and the cause is remanded to the Circuit Court of Phelps County, Missouri, with directions to enter a judgment setting aside the probate court's order of May 10, 1971, revoking letters of administration of Helen D. Tomlinson; setting aside the probate court order of May 18, 1971, denying the claim of Helen D. Tomlinson for homestead and family allowances; declaring Helen D. Tomlinson the sole surviving spouse of Everett Leroy Tomlinson, deceased; and remanding the cause to the Probate Court of Phelps County, Missouri, for the determination of the claim of Helen D. Tomlinson for homestead and family allowances.

TITUS, C. J., and STONE, HOGAN, and BILLINGS, JJ., concur.